IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )　　No. C 02-0764 SBA (pr)
　　　　　　　Plaintiff,　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　　　　　　　　　　 )　　**ORDER VACATING**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )　　**JUNE 17, 2003**
OFFICER PERRYMAN, et al.,　　　　　　　　　)　　**PREFILING ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Defendants.　　　　　　　　　　　　　　)
_____ )

　　　　　On June 17, 2003, the Court issued the following prefiling order in the above-captioned case:

　　　　　In any action filed in this Court by Darryl Lee Goldstein, after the initial pleadings have been filed, every paper submitted by Mr. Goldstein for filing shall first be reviewed by the judge presiding over the case and shall be filed only with leave of the Court. Papers rejected for filing shall be returned to Mr. Goldstein with the attached sheet generally setting forth the reason(s) for the rejection. Except when he seeks emergency relief, Mr. Goldstein shall not serve a document on the opposing party or parties until he receives a file-stamped face sheet showing that the document has been accepted for filing. Once he receives the file-stamped face sheet, he must promptly serve the opposing party or parties with the document and he must then file a proof of service with the Court. The proof of service must be filed no later than ten days (excluding weekends and holidays) from the date the original document was filed. Any paper that has not been served on Defendants (as documented in a timely filed proof of service) will be stricken from the record.

　　　　　Plaintiff attempted very few court filings for the two years following the issuance of the prefiling order. In light of the change in Plaintiff's behavior and the substantial passage of time since the prefiling order was issued, the Court finds it appropriate to VACATE the order at this time.

　　　　　Plaintiff is cautioned that he should only file the documents necessary to litigate his actions. The Court also warns Plaintiff that he could be sanctioned for unreasonably multiplying court proceedings or for failing to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 5 (requiring service of all papers on the opposing parties, including letters or informal notes). Sanctions may include the striking of papers from the record and denial of unserved motions, among other consequences. If Plaintiff fails to comply with the Court's orders by submitting duplicative filings and failing to conduct service on Defendants, the Court will issue an order to show cause why a prefiling order should not be issued, which will be

1 applicable to any action Plaintiff files in this Court.

2  IT IS SO ORDERED.

4 DATED: 7/1/05

s/Saundra Brown Armstrong<br>SAUNDRA BROWN ARMSTRONG<br>United States District Judge